IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| OSCAR HERNANDEZ,<br>ADC #155362 | *<br>*<br>* | |
| Plaintiff, | * | |
| v. | *<br>* | No. 5:16CV00177-JJV |
| ESTELLA BLAND, A.P.N.,<br>Correct Care Solutions | *<br>*<br>* | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Oscar Hernandez ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983, claiming Estella Bland ("Defendant"), an Advanced Practice Registered Nurse, failed to properly treat his injured ankle, thus demonstrating deliberate indifference to a serious medical need. (Doc. No. 2 at 7-8.) Defendant has now filed a Motion for Summary Judgment, contending Plaintiff received appropriate treatment and she is entitled to judgment as a matter of law. (Doc. No. 16.) Plaintiff has responded (Doc. No. 24), and this matter is now ripe for a decision. After carefully considering Defendant's Motion and supporting documents as well as Plaintiff's Response, for the following reasons, I find summary judgment is appropriate and this action is dismissed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations,

1

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  ANALYSIS

#### A.  Deliberate Indifference

Plaintiff claims Defendant was deliberately indifferent to his serious medical need because she repeatedly reviewed x-rays of his ankle and concluded "nothing is wrong," despite the fact that swelling and bruising were plainly visible. (Doc. No. 2 at 7.) Additionally, Plaintiff alleges Defendant refused to allow him to be examined by a doctor and refused to allow additional testing, specifically a CAT scan or MRI, which he claims would have detected a problem x-rays could not show. (*Id.* at 7-8.) Defendant responds that she provided appropriate treatment. (Doc. No. 16 at 2.) For support, Defendant relies on Plaintiff's medical records and deposition testimony (Doc. Nos. 17-1, 17-2), as well as the Affidavit of Jeffrey Stieve, M.D., Regional Medical Director of Correct Care

Solutions, LLC, who opined that the treatment provided to Plaintiff by Defendant was "appropriate and satisfactory." (Doc. No. 17-3 at 3.)

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id.* at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id.* at 105. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Id.* at 106. "A showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, the record evidence supports Defendant's assertion that she provided appropriate medical care to Plaintiff and shows that Plaintiff's claim is a mere disagreement with treatment decisions. Plaintiff first requested medical care on August 13, 2015, saying he had sprained his ankle at yard call a few days prior. (Doc. No. 17-1 at 1.) He was seen by a nurse on August 15, 2015. (*Id.* at 2.) The nurse noted mild swelling and purple bruising and that Plaintiff walked with a limp. (*Id.*) Plaintiff was given naproxen and an ace wrap for support. (*Id.*) After reporting

3

continued pain, he was referred to a provider. (*Id*. at 4.)

Plaintiff was first seen by Defendant on August 26, 2015. (Doc. No. 17-1 at 6.) Defendant noted there was no swelling or discoloration, Plaintiff's posture was erect, and he had full range of motion. (*Id*.) She prescribed 800 milligrams of ibuprofen twice daily as needed for thirty days and scheduled an x-ray. (*Id*.) She also restricted Plaintiff to no duty, no sports activities, and no yard call. (*Id*.) The x-ray performed on August 28, 2015, revealed a "[g]rossly unremarkable right ankle." (*Id*. at 7.) Specifically, it showed no fracture or dislocation and no significant soft tissue swelling; a bony ossification was described as normal. (*Id*.) Defendant notified Plaintiff of these results, stating there was no clinical need for follow-up. (*Id*. at 8.)

Plaintiff complained of continued pain on September 14, 2015, and was seen by Defendant again on October 25, 2015. (Doc. No. 17-1 at 9, 12.) Defendant reviewed the results of Plaintiff's x-ray with him and noted the ankle was "grossly unremarkable." (*Id*. at 12.) She also renewed the ibuprofen prescription. (*Id*.) Plaintiff again complained of continued pain on December 20, 2015. (*Id*. at 20.) He saw a nurse on December 22, 2015. (*Id*. at 21.) She noted no bruising, no deformity, and minimal swelling; she also noted Plaintiff presented to sick call ambulatory and without difficulty. (*Id*.) Plaintiff stated he did not want to take too much ibuprofen; he was given naproxen and an analgesic balm. (*Id*.) On December 28, 2015, Plaintiff complained of continued pain and said he was out of medication and needed to see a doctor and have tests done. (*Id*. at 22.) He underwent another x-ray on January 8, 2016, this time of the right tibia and fibula as well as the right ankle. (*Id*. at 24.) The tibia and fibula were described as "[g]rossly unremarkable," with no fracture or dislocation. (*Id*.) There was some soft tissue swelling in the ankle, but no fracture or dislocation. (*Id*.)

Plaintiff was seen by a nurse on February 8, 2016, saying he was still having severe pain

despite the x-rays showing no damage to his ankle. (*Id*. at 25.) The nurse noted Plaintiff was ambulatory to sick call without difficulty, there was no alteration in his gait, there was no edema in his ankle, and Plaintiff was able to flex and rotate his foot without difficulty. (Doc. No. 17-1 at 25.) The nurse further noted two dime-sized areas of discoloration around Plaintiff's ankle. (*Id*.) She gave Plaintiff naproxen and referred him to a provider for follow-up. (*Id*.) Plaintiff was seen by Defendant again on February 9, 2016. (*Id*. at 27.) She noted Plaintiff had no gait abnormalities and bore even weight on both legs; she also noted no swelling in the ankle and full range of motion. (*Id*.) Defendant observed a three-centimeter area of "scaly hyperpigmented" skin around Plaintiff's ankle, which she noted might be atopic dermatitis. (*Id*.) Defendant prescribed a topical cream for the skin issue and encouraged Plaintiff to "practice exercises for increased strength and flexibility of the feet/ankles." (*Id*.) Defendant noted Plaintiff "does not agree and is requesting to see an orthopedic specialist." (*Id*.)

In short, there is no indication that Defendant's treatment of Plaintiff's ankle constituted an unnecessary and wanton infliction of pain. Plaintiff was provided two different types of pain medication, and Defendant and others were consistently responsive to his complaints of continued pain. Two x-rays showed no fracture or dislocation. At most, Plaintiff's ankle was swollen at times, but it did not interfere with his mobility; at each examination following the initial examination, Plaintiff was noted to have full range of motion and no gait abnormalities. Moreover, while Plaintiff claims he was entitled to additional testing and examination by a doctor, inmates generally have no constitutional right to receive a particular or requested course of treatment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Medical care providers in prisons remain free to exercise their independent medical judgment, unless they know of a condition that creates an excessive risk to an inmate's health and fail to act on that knowledge. *Id*.

Even viewing the evidence in the light most favorable to Plaintiff, he has failed to meet Defendant's proof with proof and demonstrate the existence of specific facts that create a genuine issue for trial. Although he says "it is undisputed that Plaintiff suffered a fracture to his ankle" and Defendant failed to treat it, (Doc. No. 24 at ¶ 7), as previously noted the Radiology Report states "The ankle mortise is well preserved without any fracture or dislocation." (Doc. No. 17-1 at 7.) "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, [Plaintiff] cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." *Id*. at 1240.

Additionally, after closely considering Plaintiff's Response, I find no basis to deny Defendant's Motion. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's claim of deliberate indifference.

### B.   Medical Malpractice

Plaintiff's Complaint may be construed as stating a state law claim for medical malpractice. (Doc. No. 2 at 7.) Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a related state law claim if it has dismissed all claims over which it has original jurisdiction. Because Plaintiff's Eighth Amendment claim is dismissed pursuant to this Order, the Court declines to exercise supplemental jurisdiction over his state law medical malpractice claim. *See Am. Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (explaining that when state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law as a matter of comity).

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

2. Plaintiff's Eighth Amendment claim of deliberate indifference is DISMISSED with prejudice.

3. Plaintiff's state law claim for medical malpractice is DISMISSED without prejudice.

4. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 5th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE